IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWOYN TERRELL )
SPENCER, # 14781-041, )
 )
      Petitioner, )
 )
vs. ) Case No. 13-cv-1133-DRH
 )
JAMES CROSS, JR., )
 )
      Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the Greenville Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction. The petition was filed on November 4, 2013.

Following a jury trial in the District of Minnesota, petitioner was convicted of conspiracy to distribute cocaine and crack, attempted possession with intent to distribute, and money laundering. *United States v. Spencer*, Case No. 07-cr-174 (D. Minn.). His brother was tried with him and was also convicted. Petitioner was sentenced to 324 months on January 10, 2009 (Doc. 1, p. 3). In his direct appeal, he argued, *inter alia*, that two of his jury instructions (Numbers 20 and 21) were improper (Doc. 333 in criminal case). The Eighth Circuit affirmed the conviction and sentence.

Petitioner timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside,

or correct his sentence. *Spencer v. United States*, Case No. 10-cv-1803 (D. Minn.). The government was ordered to respond, and his motion was denied on April 15, 2011. He appealed, but was denied a certificate of appealability by the Eighth Circuit. *Spencer v. United States*, Appeal No. 11-2319 (8th Cir. Oct. 25, 2011).

In the instant case, petitioner raises three grounds for relief. First, he claims that the trial court was required by law to order an evidentiary hearing in the § 2255 proceeding before issuing its decision on his motion, but failed to conduct a hearing (Doc. 1, p. 6; Doc. 1-1, pp. 2-3). Both other grounds relate to the jury instructions. Instruction Number 20 lowered the government's burden of proof on the conspiracy charge by stating that the prosecution had only to prove an agreement to distribute either cocaine or crack, instead of both drugs. Number 21 constructively amended the indictment by instructing that on the conspiracy charge, a defendant must have conspired with any other person. He argues that the instruction should have required the jury to find that the defendants conspired with each other (Doc. 1, p. 6; Doc. 1-1, pp. 4-5).

## I. Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court

the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is

inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). " 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. Instead, he first attacks the trial court's handling of his § 2255 motion, and then seeks to revisit the jury instruction matters he unsuccessfully raised in his direct appeal. Neither of these claims can provide a basis for relief in this § 2241 habeas proceeding.

This Court does not see any error in the trial court's determination that, after receiving the government's reply, it could rule on petitioner's § 2255 motion without the necessity for an evidentiary hearing. More to the point, the proper forum to raise any such alleged error was in petitioner's appeal of the dismissal of his § 2255 action. This claim does not involve any structural defect in the § 2255 procedure, thus, it cannot be addressed in a habeas action under § 2241.

Likewise, petitioner had the opportunity to raise the alleged errors in his jury instructions in his direct appeal, and he in fact presented his argument to the

appellate court without success. Petitioner does not suggest any reason why the proceeding on his § 2255 motion was inadequate to address this claim.

A § 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing the argument in a § 2255 motion. *Hill v. Werlinger*, 695 F.3d 644, 648-49 (7th Cir. 2012) (citing *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007). That is not the case here. Therefore, petitioner cannot use § 2241 as a vehicle for bringing his claims.

## II. Disposition

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724,

725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 26th day of November, 2013.

Digitally signed by David R. Herndon
Date: 2013.11.26 13:40:38 -06'00'

**Chief Judge**
**United States District Court**